UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GLORIA MARSHALL,

     Plaintiff

v.

THE RAWLINGS COMPANY, LLC, et al.,

     Defendants

CIVIL ACTION NO. 3:14-CV-359-R

ELECTRONICALLY FILED

## THE RAWLINGS COMPANY, LLC'S PROPOSED JURY INSTRUCTIONS

The Rawlings Company, LLC ("Rawlings") hereby files its jury instructions in compliance with the Court's Pre-trial Scheduling Order, DN 18.  Rawlings notes that it conferred with Plaintiff in an attempt to arrive at joint proposed jury instructions, however the parties were unable to reach an agreement.

Rawlings has separated the jury instructions into two documents based on their length and complexity.  This document contains the applicable interrogatories.  The other document contains the applicable instructions.

In tendering these jury instructions, Rawlings is not conceding or waiving any objections currently set forth in the record, or waiving the arguments made in Rawlings' pending motion for summary judgment, or waiving any objections that may be made during the course of trial with respect to the Plaintiff's claims.  Rawlings reserves the right to amend these jury instructions during trial to conform to the evidence as presented.

1

Respectfully submitted,

/s/ *Shannon Antle Hamilton*

Shannon Antle Hamilton (shamilton@stites.com)
Rebecca A. Weis (rweis@stites.com)
STITES & HARBISON PLLC
400 W. Market St., Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANT, THE RAWLINGS
COMPANY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2016, I electronically filed the foregoing motion and an accompanying tendered order with the Clerk of the Court via filing with the Western District of Kentucky's ECF system which will send a notice of electronic filing to:

| | |
|---|---|
| Jill M. Guarascio | J. Chris Sanders |
| 125 Chenoweth Ln. | The Easterle House |
| Suite 308 | 1228 E. Breckinridge St. |
| Louisville, KY  40207 | Louisville, KY  40204 |
| (502) 895-1517 | (502) 718-9025 |
| jill@guarasciolawgroup.com | csanders@chrissanderslaw.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

/s/ *Shannon Antle Hamliton*
Shannon Antle Hamilton

587098:1:LEXINGTON

## INTERROGATORY NO. 1

### FMLA Interference – *Prima Facie* Case

As set forth in Instruction No. 12, do you find, by a preponderance of the evidence:

1.      That Plaintiff was eligible leave under the FMLA?

     Yes _____         No _____

2.      That Plaintiff was entitled to time off from work because she had a "serious health condition" that made her unable to perform the functions of her job?

     Yes _____         No _____

3.      That Plaintiff gave Rawlings proper notice of the need for time off from work?

     Yes _____         No _____

4.      That Rawlings denied the FMLA benefits to which Plaintiff was entitled?

     Yes _____         No _____

                                                    _____
                                                    Foreperson

       If you answered "YES" to <u>all</u> subparts of Interrogatory No. 1, please proceed to Interrogatory No. 2.  You have found for Plaintiff on this claim.

       If you answered "NO" to <u>any</u> subpart of Interrogatory No. 1, please proceed to Instruction No. 17.  You have found for Rawlings on this claim.

3

## INTERROGATORY NO. 2

### FMLA Interference – Denied Benefits

We the jury find that Rawlings denied FMLA benefits to which Plaintiff was entitled in

relation to her:

    1.     Demotion?

           Yes _____         No _____

    2.     Discharge?

           Yes _____         No _____

                             _____

                             Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 2, please proceed to Instruction No. 13.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 2, please proceed to Instruction No. 14.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 2, please proceed to Instruction No. 15.

4

## __INTERROGATORY NO. 3__

**FMLA Interference - Damages**

What amount of money (including benefits), if any, do you find would fairly and

reasonably compensate Plaintiff for the actual monetary losses, if any, that she suffered because

Rawlings denied, restrained or interfered with her right to leave under the FMLA, or with

Plaintiff's attempt to exercise leave under the FMLA?

$_____

_____
Foreperson

Proceed to Instruction No. 17.

5

## INTERROGATORY NO. 4

**FMLA Retaliation – *Prima Facie* Case**

As set forth in Instruction No. 17, do you find, by a preponderance of the evidence:

1.      That Plaintiff engaged in an "protected activity" under the FMLA?

      Yes _____      No _____

2.      That Rawlings knew Plaintiff was exercising her rights under the FMLA?

      Yes _____      No _____

                                   _____
                                   Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 4, please proceed to Interrogatory No. 5.

If you answered "NO" to <u>either</u> subpart of Interrogatory No. 4, please proceed to Instruction No. 24.  You have found for Rawlings on this claim.

6

## INTERROGATORY NO. 5

### FMLA Retaliation – Adverse Employment Action

We, the jury, find that Rawlings took adverse employment action against Plaintiff by:

1.      Demoting her?

       Yes _____          No _____

2.      Discharging her?

       Yes _____          No _____

                              _____
                              Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 5, please proceed to Interrogatory No. 6.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 5, please proceed to Interrogatory No. 7.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 5, please proceed to Interrogatory No. 8.

If you answered "NO" to Interrogatory No. 5, please proceed to Instruction No. 24.  You have found for Rawlings on this claim.

## INTERROGATORY NO. 6

**FMLA Retaliation - Causal Connection (Demotion and Discharge)**

We, the jury, find that there was a causal connection between the protected FMLA

activity and:

      1.      Plaintiff's demotion?

             Yes _____        No _____

      2.      Plaintiff's discharge?

             Yes _____        No _____

                              _____
                              Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 6, please proceed to Interrogatory No. 9.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 6, please proceed to Interrogatory No. 10.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 6, please proceed to Interrogatory No. 11.

If you answered "NO" to <u>both parts</u> of Interrogatory No. 6, please proceed to Instruction No. 24. You have found for Rawlings on this claim.

## __INTERROGATORY NO. 7__

**FMLA Retaliation - Causal Connection (Demotion)**

We the jury find that there was a causal connection between the protected FMLA activity and Plaintiff's demotion?

Yes _____          No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 7, please proceed to Interrogatory No. 10.

If you answered "NO" to Interrogatory No. 7, please proceed to Instruction No. 24. You have found for Rawlings on this claim.

## **INTERROGATORY NO. 8**

### **FMLA Retaliation – Causal Connection (Discharge)**

We the jury find that there was a causal connection between the protected FMLA activity

and Plaintiff's discharge?

Yes _____    No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 8, please proceed to Interrogatory No. 11.

If you answered "NO" to Interrogatory No. 8, please proceed to Instruction No. 24. You have found for Rawlings on this claim.

## <u>INTERROGATORY NO. 9</u>

**FMLA Retaliation – Legitimate, Non-discriminatory Reason (Demotion and Discharge)**

Did Rawlings articulate that it had a legitimate, non-discriminatory reason for:

1.    Plaintiff's demotion?

       Yes _____        No _____

2.    Plaintiff's discharge?

       Yes _____        No _____


                                        _____
                                        Foreperson



If you answered "YES" to <u>both</u> parts of Interrogatory No. 9, please proceed to Interrogatory No. 12.

If you answered "NO" to <u>only subpart 1</u> of Interrogatory No. 9, please proceed to Interrogatory No. 13.

If you answered "NO" to <u>only subpart 2</u> of Interrogatory No. 9, please proceed to Interrogatory No. 14.

If you answered "NO" to <u>both</u> subparts of Interrogatory No. 9, please proceed to Instruction No. 20.  You have found for Plaintiff on this claim.

## <u>INTERROGATORY NO. 10</u>

**FMLA Retaliation – Legitimate, Non-discriminatory Reason (Demotion)**

Did Rawlings articulate that it had a legitimate, non-discriminatory reason for Plaintiff's

demotion?

Yes _____     No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 10, please proceed to Interrogatory No. 13.

If you answered "NO" to Interrogatory No. 10, please proceed to Instruction No. 21.

12

## <u>INTERROGATORY NO. 11</u>

**FMLA Retaliation – Legitimate, Non-discriminatory Reason (Discharge)**

Did Rawlings articulate that it had a legitimate, non-discriminatory reason for Plaintiff's discharge?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 11, please proceed to Interrogatory No. 14.

If you answered "NO" to Interrogatory No. 11, please proceed to Instruction No. 22.

13

## <u>INTERROGATORY NO. 12</u>

### FMLA Retaliation - Pre-text (Demotion and Discharge)

Did Plaintiff prove pre-text, as described in Instruction No. 17, by a preponderance of the

evidence as follows:

1.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion had no basis in fact?

      Yes _____          No _____

2.    Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge had no basis in fact?

      Yes _____          No _____

3.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion did not actually motivate the action?

      Yes _____          No _____

4.    Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge did not actually motivate the action?

      Yes _____          No _____

5.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion was insufficient to warrant the action?

      Yes _____          No _____

6.    Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge was insufficient to warrant the action?

      Yes _____          No _____

_____
Foreperson

If you answered "YES" to one subpart of Interrogatory No. 12 numbered 1, 3, and 5 <u>and</u> one subpart of Interrogatory No. 12 numbered 2, 4, and 6, please proceed to Instruction No. 20. You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 1, 3, and 5 please proceed to Instruction No. 21.  You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 2, 4, and 6 please proceed to Instruction No. 22.  You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 12, please proceed to Instruction No. 24.  You have found for Rawlings on this claim.

587098:1:LEXINGTON

## INTERROGATORY NO. 13

### FMLA Retaliation - Pre-text (Demotion)

Did Plaintiff prove pre-text, as described in Instruction No. 17, by a preponderance of the

evidence as follows:

1.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion had no basis in fact?

Yes _____        No _____

2.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion did not actually motivate the action?

Yes _____        No _____

3.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion was insufficient to warrant the action?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 13, please proceed to Instruction No. 21.  You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 13, please proceed to Instruction No. 24.  You have found for Rawlings on this claim.

## <u>INTERROGATORY NO. 14</u>

### FMLA Retaliation - Pre-text (Discharge)

Did Plaintiff prove pre-text, as described in Instruction No. 17, by a preponderance of the

evidence as follows:

1. Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge had
no basis in fact?

   Yes ﹍﹍﹍﹍﹍        No ﹍﹍﹍﹍﹍

2. Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge did
not actually motivate the action?

   Yes ﹍﹍﹍﹍﹍        No ﹍﹍﹍﹍﹍

3. Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge was
insufficient to warrant the action?

   Yes ﹍﹍﹍﹍﹍        No ﹍﹍﹍﹍﹍

﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍
Foreperson


If you answered "YES" to <u>any</u> part of Interrogatory No. 14, please proceed to Instruction No. 22. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 14, please proceed to Instruction No. 24. You have found for Rawlings on this claim.

587098:1:LEXINGTON

## INTERROGATORY NO. 15

**FMLA Retaliation - Damages**

What amount of money, if any, do you find would fairly and reasonably compensate Plaintiff for the actual monetary losses, if any, that she suffered because Rawlings retaliated against her because she engaged in activity protected by the FMLA?

$_____

_____
Foreperson

Proceed to Instruction No. 24.

## <u>INTERROGATORY NO. 16</u>

### ADA Disability Discrimination – *Prima Facie* Case

As set forth in Instruction Nos. 24 to 28, do you find, by a preponderance of the evidence:

1.    That Plaintiff was "disabled" or "regarded as disabled" within the meaning of the ADA;

  Yes _____          No _____

2.    That she was "qualified" to perform her job;

  Yes _____          No _____

3.    That she suffered an adverse employment decision; and

  Yes _____          No _____

4.    That Rawlings knew or had reason to know of Plaintiff's disability at the time of that adverse employment action.

  Yes _____          No _____

  _____
  Foreperson


If you answered "YES" to <u>all</u> subparts of Interrogatory No. 16, please proceed to Interrogatory No. 17.

If you answered "NO" to <u>any</u> subpart of Interrogatory No. 16, please proceed to Instruction No. 35.  You have found for Rawlings on this claim.

19

## **INTERROGATORY NO. 17**

### **ADA Disability Discrimination – "But for" Cause**

We, the jury find that Plaintiff's alleged actual or perceived disability was the "but for" cause of: [1]

1.    Her demotion?

Yes _____        No _____

2.    Her discharge?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to <u>both</u> parts of Interrogatory No. 17, please proceed to Interrogatory No. 18.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 17, please proceed to Interrogatory No. 19.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 17, please proceed to Interrogatory No. 20.

In you answered "NO" to <u>both</u> parts of Interrogatory No. 17, proceed to Instruction No. 35.  You have found for Rawlings on this claim.

---

[1] 42 U.S.C. § 12111; *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011); *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014).

## <u>INTERROGATORY NO. 18</u>

**ADA Disability Discrimination Legitimate, Non-discriminatory reason
(Demotion and Discharge)**

Did Rawlings articulate that it had a legitimate, non-discriminatory reason for:

1.      Plaintiff's demotion?

        Yes _____      No _____

2.      Plaintiff's discharge?

        Yes _____      No _____


        _____
        Foreperson




        If you answered "YES" to <u>both</u> parts of Interrogatory No. 18, please proceed to Interrogatory No. 21.

        If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 18, please proceed to Interrogatory No. 22.

        If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 18, please proceed to Interrogatory No. 23.

        If you answered "NO" to <u>both</u> parts of Interrogatory No. 18, please proceed to Instruction No. 29.  You have found for Plaintiff on this claim.

## INTERROGATORY NO. 19

**ADA Disability Discrimination Legitimate, Non-discriminatory reason (Demotion)**

Did Rawlings articulate that it had a legitimate, non-discriminatory reason for Plaintiff's demotion?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 19, please proceed to Interrogatory No. 22.

If you answered "NO" to Interrogatory No. 19, please proceed to Instruction No. 30. You have found for Plaintiff on this claim.

## INTERROGATORY NO. 20

**ADA Disability Discrimination – Legitimate, Non-discriminatory reason (Discharge)**

Did Rawlings articulate that it had a legitimate, non-discriminatory reason for Plaintiff's discharge?

Yes _____          No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 20, please proceed to Interrogatory No. 23.

If you answered "NO" to Interrogatory No. 20, please proceed to Instruction No. 31. You have found for Plaintiff on this claim.

23

## <u>INTERROGATORY NO. 21</u>

### ADA Disability Discrimination – Pre-text (Demotion and Discharge)

Did Plaintiff prove pre-text, as described in Instruction No. 24, by a preponderance of the

evidence as follows:

1.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion had no basis in fact?

Yes _____        No _____

2.    Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge had no basis in fact?

Yes _____        No _____

3.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion did not actually motivate the action?

Yes _____        No _____

4.    Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge did not actually motivate the action?

Yes _____        No _____

5.    Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion was insufficient to warrant the action?

Yes _____        No _____

6.    Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge was insufficient to warrant the action?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to one subpart of Interrogatory No. 21 numbered 1, 3, and 5 <u>and</u> one subpart of Interrogatory No. 21 numbered 2, 4, and 6, please proceed to Instruction No. 29. You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 1, 3, and 5 please proceed to Instruction No. 30.  You have found for Plaintiff on this claim.

24

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 2, 4, and 6 please proceed to Instruction No. 31.  You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 12, please proceed to Instruction No. 35.  You have found for Rawlings on this claim.

## <u>INTERROGATORY NO. 22</u>

### ADA Disability Discrimination – Pre-text (Demotion)

Did Plaintiff prove pre-text, as described in Instruction No. 24, by a preponderance of the

evidence as follows:

1.   Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion had no basis in fact?

   Yes _____          No _____

2.   Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion did not actually motivate the action?

   Yes _____          No _____

3.   Did Plaintiff demonstrate that Rawlings' proffered reason for her demotion was insufficient to warrant the action?

   Yes _____          No _____

   _____
   Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 22, please proceed to Instruction No. 30.  You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 22, please proceed to Instruction No. 35.  You have found for Rawlings on this claim.

## <u>INTERROGATORY NO. 23</u>

### ADA Disability Discrimination – Pre-text (Discharge)

Did Plaintiff prove pre-text, as described in Instruction No. 24, by a preponderance of the evidence as follows:

1.     Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge had no basis in fact?

Yes _____          No _____

2.     Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge did not actually motivate the action?

Yes _____          No _____

3.     Did Plaintiff demonstrate that Rawlings' proffered reason for her discharge was insufficient to warrant the action?

Yes _____          No _____

_____
Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 23, please proceed to Instruction No. 31.  You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 23, please proceed to Instruction No. 35.  You have found for Rawlings on this claim.

27

## <u>INTERROGATORY NO. 24</u>

**ADA Disability Discrimination - Damages**

What amount of money, if any, do you find would fairly and reasonably compensate

Plaintiff for the following forms of damages:

Compensatory damages:    $_____

Back pay:    $_____

Front pay:    $_____

_____
Foreperson

Proceed to Instruction No. 35.

28

## <u>INTERROGATORY NO. 25</u>

### IIED – *Prima Facie* Case

As set forth in Instruction No. 35, do you find, by a preponderance of the evidence:

1.      That Rawlings' conduct towards Plaintiff was intentional or reckless?

      Yes _____        No _____

2.      That Rawlings' conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality?

      Yes _____        No _____

3.      That there was a causal connection between Rawlings' conduct and Plaintiff's emotional distress?

      Yes _____        No _____

4.      And that as a result of Rawlings' conduct, Plaintiff sustained a "severe" or "serious" emotional injury?

      Yes _____        No _____

             _____
             Foreperson

If you answered "NO" to <u>any</u> subpart of Interrogatory No. 25, please return to the Courtroom.  You have found for Rawlings on this claim.  Thank you for your service.

If you answered "YES" to <u>all</u> subparts of Interrogatory No. 25, please proceed to Instruction No. 36.  You have found for Plaintiff on this claim.

29

## INTERROGATORY NO. 26

### IIED - Damages

What amount do you find fairly compensates Plaintiff for the emotional distress she

suffered  as a direct result of Rawlings' treatment of her during her employment?

$_____

_____
Foreperson

Please return to the Courtroom.  Thank you for your service.

587098:1:LEXINGTON