UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-359-TBR

GLORIA MARSHALL,                                                           PLAINTIFF

v.

THE RAWLINGS CO., LLC,                                                     DEFENDANT

**Memorandum Opinion & Order**

This matter comes before the Court upon two Objections lodged by Defendant The Rawlings Company, LLC ("Rawlings"). [DNs 134, 135.] These objections have been made with respect to the introduction of two of Plaintiff Gloria Marshall's proposed exhibits, [DN 134], and four of her proposed witnesses. [DN 135.] The Court construes the Objections as Motions in limine to exclude such evidence and will analyze them as such.

**I. Legal Standard**

Utilizing its inherent authority to manage the course and direction of the trial before it, this Court has the power to exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Unless the evidence at issue is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). This stance is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or

1

advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Thus, even where a motion in limine is denied, the Court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## II. Motion in Limine to Exclude Marshall's Exhibits 70 & 72

The first Motion at issue is Rawlings' "objections to Plaintiff's exhibits #70 and #72." [DN 134.] Specifically, Rawlings objects to the admission at trial of two separate documents: the first is an email sent by Rawlings employee Matt Monyhan to two other employees, Jeff Bradshaw and Mike Elsner. [*See* DNs 37-27, 50.] As this Court explained in its previous Memorandum Opinion and Order, "[t]he email, sent on July 2, 2013, makes references to Marshall being absent on FMLA leave, and notes that Human Resources" prorates analyst goals in such situations. [DN 146, at 19-20.] This means that, where an analyst misses time due to FMLA-related reasons, their overall monetary goals are lowered accordingly, making their bonus amounts easier to reach. [*Id.* at 20.] In the email, Monyhan argues that the related bonus he receives when the analysts on his team reach their goals should also be prorated in these situations because the time that Marshall was missing was effectively costing him money because she could not hit the original monetary goal due to missing work. [*Id.*] The Court, ruling in limine, ordered that Marshall could introduce this evidence at trial. Rawlings' objection thereto is hereby noted by the Court, but it will not change its decision at this time.

The second document Rawlings objects to is an email Marshall sent to herself in anticipation of a meeting with one of her bosses, Laura Plumley, which contains (1) a list of notes she compiled and wished to talk about with Plumley at the meeting, (2) a bullet-pointed list compiled from research Marshall conducted on workplace bullying, and (3) a copied-and-pasted

email sent to her from her brother, Tony. [*See* DN 52-1, at 1; *see also* DN 63, at 1.] The Court, ruling in limine, held that Marshall could not introduce this email at trial, and granted Rawlings' Motion in Limine to exclude it. [DN 146, at 30.] Thus, any objection to the introduction of this document by Rawlings has been rendered moot.

### III. Motion in Limine to Exclude the Testimony of Four Witnesses

The second Motion at issue is Rawlings' Objection to Marshall's proposed use of four specific witnesses at trial. As noted above, the Court will construe Rawlings' Objection as a Motion in Limine to exclude from trial these four individuals: Mark Tolly, Debra Ford, Susan Ballard, and Kathy Barrens. [DN 135.] In essence, Rawlings claims that Marshall disclosed the names of these four individuals far too late in the litigation of this matter to allow them to testify as witnesses at trial. In her Response, Marshall only makes arguments with respect to Ford and Barrens, and so the Court will assume that she has no designs of calling Tolly or Ballard as witnesses at trial and will presently exclude them. With respect to Ford and Barrens, the Court will permit Marshall to call them at trial if she so chooses.

As this Court explained in its previous Memorandum Opinion and Order, docketed at DN 146, formal discovery in this matter closed on September 30, 2015. [DN 27.] Prior to that date, initial disclosures were made by both parties, [DNs 16, 17], and the parties engaged in, among other things, written discovery. [*See* DN 112-1, at 3.] And as Rawlings notes in its present Motion, Marshall did not supplement her disclosures or any answers to interrogatories to provide the names of the above-listed individuals. [*See* DN 135, at 2.] However, it does appear that the parties discussed Barrens, at least in passing, during Marshall's deposition on July 24, 2015. [DN 135, at 3 (the parties also discussed Ballard, but because Marshall does not address Ballard in her

Response, the Court considers any argument that she should be presented as a witness at trial to be waived).]

Rule 26(a)(3)(A) "requires each party, as a part of its pretrial disclosures, to provide the name of each witness, including those the party expects to present and those it may call if the need arises, unless the witness is offered solely for impeachment." *Clements v. Prudential Protective Servs., LLC*, 659 F. App'x 820, 822-23 (6th Cir. 2016) (internal citations omitted). Relatedly, Rule 26(e) provides parties with a duty to supplement such disclosures. Fed. R. Civ. P. 26(e). Finally, Rule 37(c) provides that "[i]f a party fails to provide information of identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

With respect to both Ford and Barrens, there does not appear to be any dispute that Marshall failed to initially disclose their names or supplement her later disclosures with their names. Consequently, unless that failure was "substantially justified or…harmless," *id.*, the Court must order their exclusion from trial. Notably, the burden of proving harmlessness or substantial justification for the original nondisclosure rests with the party seeking to admit the witness or witnesses in question. *See Roberts ex rel. Johnson v. Galen of Virginia*, 325 F.3d 776, 782 (6th Cir. 2003). The Sixth Circuit has noted "that commentary to Rule 37(c)(1) 'strongly suggests that a harmless violation involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Id.* at 783 (quoting *Vaughn v. City of Lebanon*, 18 F. App'x 252, 264 (6th Cir. 2003)) (internal citations omitted).

First, regarding Ford, the Court has determined that Marshall's failure to disclose her was "substantially justified" under the circumstances. *See Dickerson v. Cardiac and Thoracic*

*Surgery of Eastern Tennessee*, 388 F.3d 976, 983 (6th Cir. 2004). Marshall argues in her Response to the instant Motion that Ford should have been disclosed to her years ago in response to interrogatories she propounded to Rawlings. [DN 150, at 2.] However, Rawlings apparently "supplemented that answer to include Ms. Ford only last November." [*Id.*] That means that, potentially, Marshall only learned Ford's identity and/or relevant information she might possess roughly four months ago. In the Court's view, the late timing of Rawlings' supplement substantially justifies the late inclusion of Ford as a witness in Marshall's newest witness list. The Court's decision to allow Ford to testify is bolstered by the fact that Ford is a current employee of Rawlings, thus giving the company ready access to her in preparation for the trial in this matter.

Second, the Court will permit Marshall to call Barrens as a witness, as the Court finds her inclusion to be harmless under Rule 37(c)(1). Marshall has laid out a persuasive argument in her Response concerning the probative value of testimony that Barrens could provide. However, more important is the fact that (1) Barrens' name was brought up during Marshall's deposition in July 2015, squarely within the timeframe for discovery in this matter, and (2) Barrens is still employed by Rawlings, and is therefore readily available should Rawlings wish to interview her or otherwise prepare matters concerning her testimony for trial. Her current employment with Rawlings, as well as the fact that, at least tangentially, Rawlings was aware that her name had been brought up throughout the course of this litigation, is sufficient to satisfy the Court that her inclusion would be harmless. *See Roberts ex rel. Johnson*, 325 F.3d at 783 (quoting *Vaughn*, 18 F. App'x at 264). Finally, the Court is aware that Barrens has apparently provided substantial testimony while acting as Rawlings' corporate representative in an ongoing lawsuit brought by another former Rawlings employee. This would be insufficient standing alone, but it does appear

to indicate that the inclusion of Barrens as a witness at trial would not harm or otherwise surprise Rawlings in any way.

### IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1. Rawlings' Objection to the introduction of Exhibits 70 and 72, construed by this Court as a Motion in Limine to Exclude those Exhibits, [DN 134], is **DENIED** as to Exhibit 70, and **DISMISSED AS MOOT** as to Exhibit 72.

2. Rawlings' Objection to Marshall's use of Tolly, Ford, Ballard, and Barrens at trial, construed by this Court as a Motion in Limine to Exclude the testimony of these witnesses, [DN 135], is **GRANTED** as to Tolly and Ballard, and **DENIED** as to Ford and Barrens.

**IT IS SO ORDERED.**

cc: Counsel of Record