UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14-CV-359-TBR

GLORIA MARSHALL

v.

THE RAWLINGS COMPANY, LLC

## JURY VERDICT

**FILED**
VANESSA L. ARMSTRONG, CLERK
MAR 3 0 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## INTERROGATORY NO. 1

### FMLA Retaliation: the Plaintiff's Demotion

As set forth in **Instruction No. 3**, do you the jury find that the Plaintiff has proved by a preponderance of the evidence her claim for <u>FMLA retaliation relating to her demotion</u>?

Yes _____         No ___✓___

\#122

Foreperson Signature [Redacted]         Date __3-30-18__

If you selected "Yes," upon which legal theory, laid out in **Instruction No. 3**, did you base your decision with respect to element four? (Only select one)

Theory One _____         Theory Two ("Cat's Paw") _____

Foreperson Signature _____         Date _____

***If you found <u>in favor of the Plaintiff</u> in Interrogatory No. 1, please proceed to <u>Interrogatory No. 2</u> on the next page.

***If you found <u>in favor of the Defendant</u> in Interrogatory No. 1, please proceed to <u>Interrogatory No. 3</u>.

35

FILED
VANESSA L. ARMSTRONG, CLERK
MAR 30 2018
U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

## INTERROGATORY NO. 2

Damages: the Plaintiff's Claim for FMLA Retaliation Relating to her Demotion

***You should answer Interrogatory No. 2 <u>only</u> if you found in favor of the Plaintiff in Interrogatory No. 1.

Do you the jury find by a preponderance of the evidence that the Plaintiff sustained actual monetary damages, and that such damages were a direct and proximate result of the Defendant's <u>demotion</u> of the Plaintiff in violation of the FMLA?

Yes _____     No _____

Foreperson Signature _____     Date _____

If your answer is "Yes," please provide those values in the spaces below:

Back Pay                                                     $ _____

Front Pay (not to exceed three years)                        $ _____

Foreperson Signature _____     Date _____

***Regardless of your answer to Interrogatory No. 2, please proceed to Interrogatory No. 3 on the next page.

36



FILED
VANESSA L. ARMSTRONG, CLERK

MAR 30 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## INTERROGATORY NO. 3

### FMLA Retaliation: the Plaintiff's Termination

As set forth in **Instruction No. 4**, do you the jury find that the Plaintiff has proved by a preponderance of the evidence her claim for <u>FMLA retaliation relating to her termination</u>?

Yes _____   No ✓

Foreperson Signature, [Redacted]   #122   Date  3-30-18

If you selected "Yes," upon which legal theory, laid out in **Instruction No. 4**, did you base your decision with respect to element four? (Only select one)

Theory One _____   Theory Two ("Cat's Paw") _____

Foreperson Signatur   ~~Date~~

\*\*\*If you found <u>in favor of the Plaintiff</u> in Interrogatory No. 3, please proceed to <u>Interrogatory No. 4</u> on the next page.

\*\*\*If you found <u>in favor of the Defendant</u> in Interrogatory No. 3, please proceed to <u>Interrogatory No. 5</u>.

FILED
VANESSA L. ARMSTRONG, CLERK
MAR 30 2018
U.S. DISTRICT COURT
WESTN DIST. KENTUCKY

## INTERROGATORY NO. 4

Damages: the Plaintiff's Claim for FMLA Retaliation Relating to her Termination

\*\*\*You should answer Interrogatory No. 4 only if you found in favor of the Plaintiff in Interrogatory No. 3.

Do you the jury find by a preponderance of the evidence that the Plaintiff sustained actual monetary damages, and that such damages were a direct and proximate result of the Defendant's <u>termination</u> of the Plaintiff in violation of the FMLA?

Yes _____    No _____

Foreperson Signature _____    Date _____

If your answer is "Yes," please provide those values in the spaces below:

Back Pay                                                    $_____

Front Pay (not to exceed three years)                       $_____

Foreperson Signature _____    Date _____

\*\*\*Regardless of your answer to Interrogatory No. 4, please proceed to Interrogatory No. 5 on the next page.

38

## INTERROGATORY NO. 5

### ADA Discrimination: the Plaintiff's Demotion

As set forth in **Instruction No. 6**, do you the jury find that the Plaintiff has proved by a preponderance of the evidence her claim for <u>ADA discrimination relating to her demotion</u>?

Yes ✓    No _____

Foreperson Signature [Redacted] #122    Date 3-30-18

If you selected "Yes," upon which legal theory, laid out in **Instruction No. 6**, did you base your decision with respect to element five? (Only select one)

Theory One _____    Theory Two ("Cat's Paw") ✓

Foreperson Signature [Redacted] #122    Date 3-30-18

***If you found <u>in favor of the Plaintiff</u> in Interrogatory No. 5, please proceed to <u>Interrogatory No. 6</u> on the next page.

***If you found <u>in favor of the Defendant</u> in Interrogatory No. 5, please proceed to <u>Interrogatory No. 7</u>.

39

FILED
VANESSA L. ARMSTRONG, CLERK
MAR 30 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY



## INTERROGATORY NO. 6

Damages: the Plaintiff's Claim for ADA Discrimination Relating to her Demotion

***You should answer Interrogatory No. 6 only if you found in favor of the Plaintiff in Interrogatory No. 5.

Do you the jury find by a preponderance of the evidence that the Plaintiff sustained damages, and that such damages were a direct and proximate result of the Defendant's demotion of the Plaintiff in violation of the ADA?

Yes ✓     No _____

Foreperson Signature _[Redacted] #122_     Date _3-30-18_

If your answer is "Yes," please provide those values in the spaces below:

Back Pay                                                                    $ 81,000

Front Pay (not to exceed three years)                                       $ 0

Compensatory Damages (Pain and Suffering the Plaintiff
has endured or is reasonably certain to endure.)                            $ 75,000

Punitive Damages                                                            $ 75,000

***Any award for Compensatory Damages and/or Punitive Damages shall not exceed the total sum of $300,000.

Foreperson Signature _[Redacted] #122_     Date _3-30-18_

***Regardless of your answer to Interrogatory No. 6, please proceed to Interrogatory No. 7 on the next page.



FILED
VANESSA L. ARMSTRONG, CLERK
MAR 3 0 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## INTERROGATORY NO. 7

### ADA Discrimination: the Plaintiff's Termination

As set forth in **Instruction No. 7**, do you the jury find that the Plaintiff has proved by a preponderance of the evidence her claim for <u>ADA discrimination relating to her termination</u>?

Yes ✓        No _____

Foreperson Signature [Redacted] #122        Date 3-30-18

If you selected "Yes," upon which legal theory, laid out in **Instruction No. 7**, did you base your decision with respect to element five? (Only select one)

Theory One _____        Theory Two ("Cat's Paw") ✓

Foreperson Signature [Redacted] #122        Date 3-30-18

***If you found <u>in favor of the Plaintiff</u> in Interrogatory No. 7, please proceed to <u>Interrogatory No. 8</u> on the next page.

***If you found <u>in favor of the Defendant</u> in Interrogatory No. 7, your verdict is <u>complete</u> and you may instruct the Marshal that you are ready to return to the Courtroom.

41

FILED
VANESSA L. ARMSTRONG, CLERK

MAR 30 2018

U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

## INTERROGATORY NO. 8

Damages: the Plaintiff's Claim for ADA Discrimination Relating to her Termination

\*\*\*You should answer Interrogatory No. 8 only if you found in favor of the Plaintiff in Interrogatory No. 7.

Do you the jury find by a preponderance of the evidence that the Plaintiff sustained damages, and that such damages were a direct and proximate result of the Defendant's termination of the Plaintiff in violation of the ADA?

Yes ✓  No ___

Foreperson Signature [Redacted] #122  Date 3-30-18

If your answer is "Yes," please provide those values in the spaces below:

Back Pay                                                                 $ 0

Front Pay (not to exceed three years)                                    $ 75,000

Compensatory Damages (Pain and Suffering the Plaintiff
has endured or is reasonably certain to endure.)                         $ 75,000

Punitive Damages                                                         $ 75,000

\*\*\*Any award for Compensatory Damages and/or Punitive Damages shall not exceed the total sum of $300,000.

Foreperson Signature [Redacted] #122  Date 3-30-18

\*\*\*You have completed the verdict forms and you may instruct the Marshal that you are ready to return to the Courtroom.

42