UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00359-TBR

GLORIA MARSHALL,                                          PLAINTIFF

v.

THE RAWLINGS CO., LLC,                                DEFENDANT

**Memorandum Opinion & Order**

This matter is before the Court on motion by Defendant The Rawlings Company, LLC, ("Rawlings") for a temporary stay of execution of the judgment against it and, additionally, for a further stay of execution of the judgment pending the Court's approval of a supersedeas bond, should one be posted. [DN 239.] This matter is ripe for adjudication and, for the reasons that follow, it is hereby ordered that Rawlings' motion is **GRANTED**.

**A. Background**

The above-captioned action was tried to a jury verdict in March 2018, at which time Plaintiff Gloria Marshall, ("Marshall"), prevailed on her claims that Rawlings violated the antidiscrimination provisions of the Americans with Disabilities Act when it demoted her from Team Lead to workers compensation analyst in 2012, and again when it terminated her employment with the company in 2013. [*See* DN 191 (Jury Verdict).] In so doing, the jury awarded Marshall the sum of $456,000, representing $81,000 (back pay), $75,000 (pain and suffering), and $75,000 (punitive damages) relating to her demotion, and $75,000 (front pay), $75,000 (pain and suffering), and $75,000 (punitive damages) relating to her termination. [*Id.*] Later, upon motion by Rawlings, this Court reduced the award of front pay to $39,360, for a revised overall award of $420,360. [*See* DN 238.] In addition, this Court awarded Marshall attorneys' fees and costs in the

1

amounts of $226,015 and $5,080.25, respectively. [*See* DN 234.] On May 2, 2018, Rawlings moved for three alternative forms of post-trial relief: (1) judgment as a matter of law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure; (2) a new trial, pursuant to Rule 59(a); and (3) a remittitur of the jury verdict. [DN 211.] On August 7, 2018, this Court denied Rawlings' motion but, as noted above, reduced the front pay award to reflect the evidence adduced at trial. [DN 238.]

Now, Rawlings has moved the Court for a temporary stay of execution on the judgment against it until September 6, 2018. [DN 239.] Next, Rawlings seeks an additional order from the Court that execution of the judgment be further stayed pending the Court's approval of the supersedeas bond, in the event that Rawlings files a notice of appeal and posts such a bond on or before that date. [*Id.*] The merits of this motion are discussed below.

## B. Discussion

The Sixth Circuit has explained that Rule 62(d) of the Federal Rules of Civil Procedure "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)). Further though, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.* (internal quotation marks and citation omitted).

The lion's share of the case law examining Rule 62(d) and supersedeas bonds in the Sixth Circuit revolves around the question of whether to require a losing defendant to post such a bond during the appeals process and, relatedly, what amount would be adequate. However, the precise issue this Court confronts with respect to Rawlings' instant motion is a bit different. Rawlings is not asking this Court to forgo the usual requirement of a supersedeas bond while it appeals the

verdict reached by the jury in March; instead, Rawlings is asking for a short, discretionary stay for good cause while it prepares to begin the process of an appeal. Indeed, Rawlings stated in its reply brief that it "now expects to post a bond exceeding the total judgment, awarded attorneys' fees, costs, and pre- and post-judgment interest within a matter of days, and on or before Monday, August 20, 2018." [DN 243, at 1.]

The Court finds that a stay is warranted under the circumstances of this case, and that Rawlings has shown good cause for such a stay to be put in place. The Court further finds that Marshall would not be prejudiced by this stay on the eve of Rawlings' appeal, especially considering the fact that Rawlings has stated its intention to, when the time comes, post a supersedeas bond which includes pre- and post-judgment interest, as well as the fact that the pre-appeal stay Rawlings is requesting is so short in terms of its timeframe. Contrary to Marshall's contention, Rawlings' motion does not seek, and the Court does not herein grant, a reprieve from the bonding requirements of Rule 62, nor will this Court's order "vanquish[] the bond rules…." [*See* DN 241, at 2.] In fact, the temporary stay the Court now grants will not affect the bonding process in any substantive way; Rawlings will still need to go through the normal and familiar steps of seeking approval of a supersedeas bond pending its appeal, the Court is only granting Rawlings additional time during which to compile the necessary paperwork for seeking such approval and for filing its notice of appeal.

### C. Conclusion

For the reasons stated in this Memorandum Opinion, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Rawlings' motion, [DN 239], is **GRANTED**, and that any execution on the judgment against Rawlings is **STAYED until September 6, 2018**.

**IT IS FURTHER ORDERED** that, in the event that Rawlings files a timely notice of appeal and posts a supersedeas bond on or before September 6, 2018, execution on the judgment against Rawlings is **FURTHER STAYED pending the Court's approval of the posted bond.**

**IT IS SO ORDERED**.

cc:     Counsel of Record